Daniel M. Galpern, OSB #061950
dan.galpern@gmail.com
Law Office of Daniel M Galpern
2495 Hilyard Street, Suite A
Eugene, OR 97405
(541) 968-7164

J. Douglas Quirke, OSB #955346
doug@ocwap.org
Oregon Clean Water Action Project
P.O. Box 11501
Eugene, OR 97440
(541) 686-3027

Jonah L. Sandford, OSB #154711
jonah@deschutesriveralliance.org
Deschutes River Alliance
5331 SW Macadam Ave., Suite 330
Portland, OR 97239
(971) 219-4677

Attorneys for Plaintiff DRA

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| DESCHUTES RIVER ALLIANCE, an Oregon nonprofit corporation, Plaintiff,<br><br>v.<br><br>PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation,<br>    and<br><br>CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON,<br><br>    Defendants | Case No. 3:16-cv-1644-SI<br><br>FIRST AMENDED COMPLAINT<br>(Clean Water Act Citizen Suit) |

**INTRODUCTION**

1. Pursuant to Doc. 103 at 22, this is an amended complaint for injunctive and declaratory relief under the Federal Water Pollution Control Act (commonly known as the Clean Water Act, and

**First Amended Complaint (Clean Water Act Citizen Suit)**                    Page 1

hereinafter referred to as the Act), 33 U.S.C. §§ 1251 *et seq*. The Deschutes River Alliance ("Plaintiff") brings this citizen suit under § 505(a)(1) of the Act, 33 U.S.C. § 1365(a)(1), against Portland General Electric Company (hereinafter, "PGE") and the Confederated Tribes of the Warm Springs Reservation of Oregon (hereinafter, "the Tribe") (in the conjunctive, hereinafter, "Defendants") for past and continuing violations of the Act. Defendants are co-owners and co-operators of the Pelton Round Butte Hydroelectric Project ("the Project"). The Project is a system of three dams and associated developments (including a "selective water withdrawal facility" ("SWW facility")) on the Deschutes River in Oregon. In 2002, as part of the Project's Federal Energy Regulatory Commission ("FERC") relicensing process, the Oregon Department of Environmental Quality issued a water quality certification for the Project pursuant to Section 401 of the Act, 33 U.S.C. § 1341. As required under the Act, this water quality certification contains several requirements designed to ensure that Project discharges into the lower Deschutes River comply with all applicable state water quality standards. Defendants have repeatedly violated and are reasonably likely to continue to violate several of these requirements, in contravention of the Act. These unlawful discharges are impairing water quality in the Deschutes River, and harming Plaintiff's interests related to the river. Plaintiff seeks a declaratory judgment, injunctive relief, and the award of costs, including attorney and expert witness fees.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 33 U.S.C. § 1365(a)(1) (Clean Water Act citizen suit) and 28 U.S.C. § 1331 (federal question). The relief requested is authorized pursuant to 28 U.S.C. §§ 2201 (declaratory) and 2202 (further relief), and pursuant to 33 U.S.C. §1365(d) (litigation costs).

3. On or about May 13, 2016, Plaintiff gave notice of the violations specified in this complaint and of its intent to file suit to the Administrator of the U.S. Environmental Protection Agency ("EPA"), to the Regional Administrator of the EPA, to the Oregon Department of Environmental Quality ("ODEQ"), to PGE, and to PGE's registered agent, as required by Section 505(b)(1)(A) of the Act, 33 U.S.C. § 1365(b)(1)(A). A copy of the notice to PGE is attached hereto as Exhibit 1. On or about June 1, 2016, Plaintiff gave notice of the violations specified in this complaint and of its intent to file suit to the Tribe as well. A copy of the notice to the Tribe is attached hereto as Exhibit 2.

4. More than sixty days have passed since notice was served, and the violations complained of in the notice are continuing at this time. Neither the EPA nor the ODEQ has commenced or is diligently prosecuting a civil or criminal action to redress the violations. Accordingly, Plaintiff's Clean Water Act claims are not barred by § 505(b)(1)(B) of the Act, 33 U.S.C. § 1365(b)(1)(B).

5. Defendant remains in violation of the Act.

6. Venue is appropriate in the District of Oregon pursuant to Section 505(c)(1) of the Act, 33 U.S.C. § 1365(c)(1), because the source of the violations is located within the District.

7. Divisional venue is appropriate in the Portland Division pursuant to Local Rule 3-2 (a)(1), because the source of the violations is located in Jefferson County, and the principal place of business of defendant is in Multnomah County. Both of these counties are within the Portland Division.

## PLAINTIFF

8. Plaintiff is a nonprofit corporation organized under the laws of the State of Oregon. Plaintiff's members reside throughout Oregon, including within the Deschutes River Basin and

the Counties of Deschutes, Jefferson, Sherman and Wasco. Members of Plaintiff use, enjoy, and recreate in the Deschutes River and its tributaries in the vicinity of, and downstream from, Defendants' Project. These activities include, but are not limited to, the following:

(a) Plaintiff's members and supporters engage in fishing, hunting, boating, camping and swimming in the Deschutes River and its tributaries;

(b) Plaintiff's members and supporters recreate, observe, and enjoy wildlife, in and around the waters of the Deschutes River and its tributaries;

(c) Plaintiff's members and supporters observe and study the Deschutes River ecology, including insect hatch timing and population, fish behavior and density, bird observation and abundance, and water quality;

(d) Plaintiff's members have an aesthetic interest in the natural beauty and biodiversity of the Deschutes River and its tributaries in the area of and downstream from defendant's discharges.

9. The recreational, health, aesthetic and environmental interests of Plaintiff's members and supporters have been, are being, and will be adversely affected by Defendants' operation of the Project.

10. Plaintiff works to protect and restore the health of the Deschutes River and its tributaries, and their biotic communities, through science-based advocacy. Plaintiff's organizational purposes are adversely affected by PGE's operation of the Project, which degrades the Deschutes River's fish and other wildlife habitat, diminishes recreational opportunity, and harms the economic and personal (including aesthetic) interests of DRA's members and supporters, among others.

11. Plaintiff has standing in this suit to protect its own interests and those of its individual members in a representative capacity.

## DEFENDANTS

12. Defendant PGE is an Oregon corporation doing business in the State of Oregon, with Portland as its principal place of business. PGE co-owns and operates the Pelton Round Butte Hydroelectric Project, which is located on the Deschutes River in Jefferson County, Oregon. Defendant the Tribe is a "federally-recognized Indian tribe and successor to the Indian signatories of the Treaty With the Tribes and Bands of Middle Oregon . . . ." and "co-owner of the Project." Doc. 23 at 2.

## LEGAL BACKGROUND

13. The Clean Water Act ("the Act"), 33 U.S.C. §§ 1251 *et seq*., was passed in 1972 to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

14. Section 401(a) of the Act provides, in relevant part, that any applicant for a Federal license or permit to conduct any activity that may result in discharge into navigable waters must provide the licensing or permitting agency with a water quality certification ("§ 401 Certification") from the State in which the discharge originates. 33 U.S.C. § 1341(a). The § 401 Certification must provide that all discharges from the activity will comply with the Act, including all applicable state water quality standards and requirements set forth in the Certification. *Id.*

15. Any § 401 Certification "shall set forth any effluent limitations and other limitations, and monitoring requirements necessary to assure" that the applicant's discharges and other activities will comply with all applicable state water quality standards and requirements set forth

in the Certification. 33 U.S.C. § 1341(d). Each of these requirements "shall become a condition on any Federal license or permit subject to [§ 401 Certification]." *Id.*

16. Violators of the Act are subject to enforcement actions initiated by EPA, states, and citizens. 33 U.S.C. § 1319, 1365(a). Section 505(a) of the Act includes a specific provision authorizing citizen suits against "any person alleged to be in violation of an effluent standard or limitation under this chapter." 33 U.S.C. § 1365(a). Section 505(a) defines "effluent standard or limitation under this chapter" to include, *inter alia*, "certification under [Section 401 of the Act]." *Id.* § 1365(f). The Act defines "person" to include, *inter alia*, an individual, corporation, partnership, and association. *Id.* § 1362(5).

17. Citizens are required to provide sixty days' notice of any alleged violations prior to commencing suit. 33 U.S.C. § 1365(b). After sixty days have passed, citizens may bring an action in federal district court to enforce any ongoing violations of the Act.

## FACTS

18. Defendants are co-owners and co-operators of the Pelton Round Butte Hydroelectric Project, which includes three dams and associated developments located between river miles 100 and 120 of the Deschutes River in Oregon.

19. Defendants are "persons" within the meaning of 33 U.S.C. § 1365, and subject to suit under the Act's citizen suit provision. *Id*.

20. As part of the Project's Federal Energy Regulatory Commission ("FERC") re-licensing process, on or about June 24, 2002 the Oregon Department of Environmental Quality ("ODEQ") issued to Defendants a water quality certification for the Pelton Round Butte Hydroelectric Project pursuant to Section 401 of the Act. 33 U.S.C. § 1341. (the "Water Quality Certification"). As is required under the Act, the Water Quality Certification contains

requirements to ensure that Project discharges comply with all applicable Oregon water quality standards. *See id*. § 1341(a). Each of the requirements in the Water Quality Certification is a condition of the Project's FERC license. *See* 33 U.S.C. § 1341(d).

21. A critical part of the Water Quality Certification is a Water Quality Management and Monitoring Plan ("WQMMP"). The WQMMP contains mandatory "management plans" for various water quality criteria related to Project discharges, including Hydrogen Ion Concentration (pH), Temperature, and Dissolved Oxygen.

22. The WQMMP's "management plans" relate to the operation of a Selective Water Withdrawal ("SWW") facility. The SWW facility was constructed pursuant to conditions in Defendant's FERC License and Water Quality Certification, and began operation in December 2009. The facility, located above Round Butte Dam in Lake Billy Chinook, is designed to blend water from the surface of the reservoir with water near the bottom of the reservoir. That blend of water is then discharged downstream into the lower Deschutes River. The Water Quality Certification establishes that the percentages of surface and bottom water to be discharged downstream must be adjusted throughout the year to ensure compliance with various water quality standards in the lower Deschutes River and Project reservoirs.

23. Condition E.1. of the Water Quality Certification requires that the "SWW facility shall be operated in accordance with the pH Management Plan contained in the WQMMP." Section 4.3 of the pH Management Plan requires the SWW facility to be operated "to meet the applicable…pH standards in the lower Deschutes River…." Project discharges to the lower Deschutes River have violated this condition of the Water Quality Certification hundreds of times from 2011 to the present.

24. Additionally, Section 4.6 of the pH Management Plan requires that "if pH at the Reregulating Dam is found to exceed that of the weighted average of [inflows of the three tributaries to Lake Billy Chinook]," PGE must "immediately contact ODEQ…to develop an approach to reduce pH." Since 2010, pH at the Reregulating Dam repeatedly has exceeded the weighted inflow pH of the three tributaries. Despite this fact, PGE has failed to develop and implement an approach to reduce pH as required by the pH Management Plan, in violation of Condition E.1 of the Water Quality Certification.

25. Condition C.1. of the Water Quality Certification requires that the "SWW facility shall be operated in accordance with the Temperature Management Plan." Section 2.3 of the Temperature Management Plan requires the SWW facility to be operated "to meet the applicable… temperature standards in the lower Deschutes River." Project discharges to the lower Deschutes River have violated this condition of the Water Quality Certification hundreds of times from 2011 to the present.

26. Condition D.1. of the Water Quality Certification requires that the "SWW facility shall be operated in accordance with the Dissolved Oxygen Management Plan." Section 3.3 of the Dissolved Oxygen Management Plan requires the SWW facility to be operated so as to meet the applicable water quality standard for dissolved oxygen in the lower Deschutes River. Project discharges to the lower Deschutes River have violated this condition of the Water Quality Certification hundreds of times from 2011 to the present.

27. Condition S of the Water Quality Certification states that "Notwithstanding the conditions of this certification, no wastes shall be discharged and no activities conducted which will violate state water quality standards." Oregon water quality standards provide that, aside from limited exceptions inapplicable to this case, waters identified as "water quality limited" by the State of Oregon "may not be further degraded." Oregon Administrative Rules § 340-041-

004(7). Because sections of the lower Deschutes River below the Project have been identified as water quality limited for temperature, pH, and dissolved oxygen, Condition S of the Water Quality Certification prohibits Project operations from further degradation of the lower Deschutes River with regard to those criteria. With regard to pH, Project operations have "further degraded" the lower Deschutes River, in violation of Oregon Administrative Rules § 340-041-004(7), the Water Quality Certification for the Pelton Round Butte Hydroelectric Project, and the Clean Water Act.

28. Due to the chronic and persistent nature of the Defendants' violations and their failure to develop a viable plan of action to remedy the problems complained of herein, there is more than a reasonable likelihood that Defendants will continue to violate the Clean Water Act by continuing to violate its Water Quality Certification for the Pelton Round Butte Hydroelectric Project, as was described in the preceding paragraphs.

## CLAIM FOR RELIEF

### (Violation of Water Quality Certification)

29. Plaintiff incorporates by reference all preceding paragraphs.

30. As described in more detail above, Defendants have repeatedly violated and are reasonably likely to continue to violate the Water Quality Certification for the Pelton Round Butte Hydroelectric Project, in violation of the Clean Water Act.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests this Court to grant the following relief:

A. Issue a declaratory judgment that Defendants have violated and continue to be in violation of the Water Quality Certification for the Pelton Round Butte Hydroelectric Project;

B. Enjoin Defendants from operating the Pelton Round Butte Hydroelectric Project in such a manner as will result in further violation of the Act. In particular, Plaintiff seeks an order

enjoining Defendants from operating the Pelton Round Butte Hydroelectric Project in violation of the Project's Water Quality Certification;

C. Order Defendants to provide Plaintiff, for a period beginning on the date of the Court's Order and running for five years, with a copy of all reports and other documents that Defendant submits to FERC, EPA, DEQ, or DEQ's agents regarding Defendants' operation of the Pelton Round Butte Hydroelectric Project at the time such reports or documents are submitted to these authorities;

D. Issue a remedial injunction ordering Defendants to pay the cost of any environmental restoration or remediation deemed necessary and proper by the Court to ameliorate any water degradation caused by Defendants' violations;

E. Award Plaintiff its costs, including reasonable attorney and expert witness fees, as authorized by Section 505(d) of the Act, 33 U.S.C. § 1365(d); and

G. Award such other relief as this Court deems appropriate.

Dated this 23rd day of June, 2018.

>s/ Daniel M. Galpern
>Daniel M. Galpern, OSB# 061950
>
>s/ J. Douglas Quirke
>J. Douglas Quirke, OSB # 95534
>
>s/ Jonah Sandford
>Jonah L. Sandford, OSB # 154711
>
>Attorneys for Plaintiff DRA